CLIFTON, Circuit Judge,
dissenting:
I respectfully dissent. It was clearly established by the Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 485, 92 S.Ct. 2593 (1972), that due process entitles a parolee to a hearing to determine whether there is reason to believe that he has violated parole conditions. In addition, the Court held that “[o]n request of the parolee, [a] person who has given adverse information on which parole revocation is to be based is to be made available for questioning in his presence.” Id. at 487, 92 S.Ct. 2593. Cody Marble was not given the opportunity to question the adverse witness upon whose information his parole was *589 revoked. The exception recognized by Morrissey, “if the hearing officer determines that an informant would be subjected to risk of harm if his identity were disclosed,” id., did not justify the failure to produce the adverse witness whose presence was requested by Marble, because her identity was already known to him. Qualified immunity should not be available to Defendant Heather Smith for violating Marble’s clearly established due process right to question the witness upon which the allegation of a parole violation was based.
Nor should qualified immunity protect Smith from her failure to advise other witnesses of the date and time of the hearing. That obligation to provide such notice might not be clearly established as a matter of due process constitutional law, but it is clearly established as a matter of Montana law. The purpose of the “clearly established”' requirement is to protect a government employee from liability in circumstances where it is not clear what the employee’s obligations were. See Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (“The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.” (citation and internal quotation marks omitted)); Hope v.Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (“[Qualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful.” (citation and internal quotation marks omitted)). Smith’s obligations were clear here.
The end result of the failure to give proper notice was that the hearing was held without Marble being able to obtain testimony from witnesses that he expected he would , and should have been able to present. His clearly established right to a hearing was effectively vitiated. Applying the doctrine of qualified immunity in this situation serves no legitimate purpose. See Pearson, 555 U.S. at 231, 129 S.Ct. 808 (explaining that the purpose of qualified immunity is to “shield officials from harassment, distraction, and liability when they perform their duties reasonably.”).
I would affirm the order of the district court.